## CITY OF BOSTON *v.* BEAL.

*(Circuit Court, D. Massachusetts. July 25, 1892.)*

No. 2,958.

NATIONAL BANKS—STATE TAXATION OF SHARES—INSOLVENCY.

Pub. St. Mass. c. 13, §§ 8-10, provide that shares of stock in all banks, state and national, shall be taxed to the owners thereof, to be paid in the first instance by the bank itself, which, for reimbursement, shall have a lien on the shares and all the rights of the shareholders in the bank property. *Held*, that no suit for this tax can be maintained against the receiver of an insolvent national bank where the property represented by the shares has disappeared; for, there being nothing from which the receiver can be reimbursed, the tax will fall upon the assets of the bank, which belong to its creditors, and thereby violate the rule that a state cannot tax the capital stock of a national bank.

In Equity. Bill by the city of Boston against Thomas P. Beal, as receiver of the Maverick National Bank, to recover taxes. Heard on bill and answer. Bill dismissed.

---

*T. M. Babson*, for complainant.

*Hutchins & Wheeler* and *Frank D. Allen*, U. S. Atty., for defendant.

COLT, Circuit Judge.   This is a bill in equity, brought by the city of Boston against Thomas P. Beal, receiver of the Maverick National Bank, to recover the sum of $12,096 for taxes due October 1, 1891. The assessment was made under chapter 13, Pub. St. Mass. §§ 8–10, which are as follows:

"Sec. 8.  All the shares of stock in banks, whether of issue or not, existing by authority of the United States or of the commonwealth, and located within the commonwealth, shall be assessed to the owners thereof in the cities or towns where such banks are located, and not elsewhere, in the assessment of all state, county, and town taxes imposed and levied in such place, whether such owner is a resident of said city or town or not.  All such shares shall be assessed at their fair cash value on the first day of May, first deducting therefrom the proportionate part of the value of the real estate belonging to the bank, at the same rate, and no greater, than that at which other moneyed capital in the hands of citizens, and subject to taxation, is by law assessed. And the persons or corporations who appear from the records of the banks to be owners of shares at the close of the business day next preceding the first day of May in each year shall be taken and deemed to be the owners thereof for the purposes of this section.

"Sec. 9.  Every such bank or other corporation shall pay to the collector or other person authorized to collect the taxes of the city or town in which the same is located, at the time in each year when other taxes assessed in the said city or town become due, the amount of the tax so assessed in such year upon the shares in such bank or other corporations.  If such tax is not so paid, the said bank or other corporation shall be liable for the same; and the said tax, with interest thereon at the rate of twelve per cent. per annum from the day when the tax became due, may be recovered in an action of contract brought by the treasurer of such city or town.

"Sec. 10.  The shares of such banks or other corporations shall be subject to the tax paid thereon by the corporation or by the officers thereof, and the corporation and the officers thereof shall have a lien on all the shares in such bank or other corporation, and on all the rights and property of the shareholders in the corporate property for the payment of said taxes."

The case was heard upon bill and answer.   The bill alleges, in substance, that on or about September 22, 1891, a demand for the payment of the tax was mailed by the collector of the city of Boston to the bank, and that on October 19th the tax was committed to him by the assessors for collection; that the tax bills bear date October 1st, and, if not paid by November 1st, bear interest from the latter date; that on November 2d the defendant, Beal, was appointed receiver of the bank, and that all its assets and property have ever since been in his hands; that by virtue of the statute the bank became liable for the tax if it had not become insolvent, and said Beal had not been appointed receiver, and the city treasurer could have recovered the tax, with interest at the rate of 12 per cent. per annum, in an action of contract; and that it has a valid claim against the bank for the amount of said tax and interest.   The bill prays that the court will order the receiver to pay over to the collector its proportionate share of dividends as they may be ordered to be paid to creditors by the comptroller.

The answer alleges, among other things, that said bank shares were not assessed at their fair cash value, and that on the 1st day of May, 1891, the market value of the shares, after deducting the real estate owned by the bank, as shown by actual sales, was $240 per share, but that the value of said shares, based upon the actual value of the assets of the bank on May 1, 1891, as would have appeared had the bank been wound up on that day, was much less than $240 per share, the difference being due to the ignorance of the public of the true state of the assets of the bank; that on November 1st, the comptroller being satisfied that the bank was insolvent, ordered its doors to be closed, and a bank examiner to take possession of its property, and that subsequently the defendant was appointed receiver, and took possession of the assets of the bank, and is now engaged in converting them into money, for equal distribution among the creditors of the bank; that such funds are not liable for taxes assessed upon the shareholders, and that the plaintiff has no claim proveable against such funds.

This suit was brought February 6, 1892, several months after the bank became insolvent. It was decided in *McCulloch* v. *Maryland*, 4 Wheat. 316, that a state law taxing a national bank was unconstitutional, on the ground that the power to tax implied the power to destroy. It has been held, however, by the supreme court, that a statute similar to that of Massachusetts was not unconstitutional, for the reason that such a tax is not a tax upon the capital of the bank, but a tax upon the shareholders on account of their shares. *National Bank* v. *Com.*, 9 Wall. 353; *New Orleans* v. *Houston*, 119 U. S. 265, 7 Sup. Ct. Rep. 198; *Railroad Co.* v. *Pennsylvania*, 134 U. S. 232, 10 Sup. Ct. Rep. 533.

The only question which arises in this case is whether, under the state of facts here presented, the receiver is liable. It appears that at the time this suit was brought the assets of the bank were in the hands of a receiver, and that the property representing the capital stock had been swept away. This tax, therefore, if held to be valid, is not a tax upon the shareholders, but a tax upon the assets of the bank which belong to the creditors. If the tax is paid by the bank, it can have no lien upon the shares of stock for repayment, as provided by section 10 of the statute above cited, because the property representing such shares has ceased to exist. Under these circumstances, I do not think that the receiver can be held liable for this tax, or that it is a provable claim against the assets in his hands. This case cannot be said to come within the reasoning of the rule laid down in *National Bank* v. *Com.*, *supra*. If the action against the bank under the statute makes the bank the agent of the state to collect the tax, or if the action is to be considered in effect a form of trustee process for attaching the funds of the shareholders in the hands of the bank, it is too late to bring suit after the funds are no longer in existence from which the bank can reimburse itself. Bill dismissed, with costs.