## STATE v. BARNESVILLE NATIONAL BANK.[1]

October 27, 1916.

Nos. 19,898—(8).

**Taxation — on value of bank stock.**

1. The tax imposed by section 2017, G. S. 1913, upon the capital stock of banking corporations, is a tax against the shares of stock, to be paid by the bank from earnings or dividends falling due to the stockholders.

**Same — when bank is insolvent.**

2. It is not a tax against the bank, and payment thereof cannot be enforced against its assets where the bank is insolvent and in the hands of a receiver in insolvency proceedings.

Defendant was cited into the district court for Clay county for nonpayment of its personal property taxes for the year 1913. The matter was submitted upon stipulated facts to Nye, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion to amend the conclusions of law was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Christian G. Dosland,* County Attorney, and *Victor Oleson,* for appellant.

*Garfield H. Rustad,* for respondent.

[1]Reported in 159 N. W. 754.

Note.—Generally on the question of taxation of shares of capital stock, see comprehensive note in 58 L.R.A. 513.

BROWN, C. J.

Proceedings to enforce the payment of delinquent personal property taxes levied and assessed against the stock of the Barnesville National Bank, defendant in this action, for the year 1913. Defendant had judgment from which the state appealed.

The facts are not in dispute. Defendant is a national banking corporation organized and existing under the Federal statutes and located and doing business at Barnesville, this state. The stockholders of the bank, without regard to their place of residence, are subject to taxation under the laws of this state, and in May, 1913, a tax was duly levied against them in the manner and as provided for by section 2017, et seq. G. S. 1913. The proceedings were in all things regular and in compliance with the statute, and the tax became due and payable on January 1, 1914. It was not paid, and on becoming delinquent proceedings were duly brought as provided for by law to enforce payment of the same. The bank became insolvent in January, 1914, and on the eighteenth of that month a receiver was appointed to take charge of and wind up its affairs. He appeared in the tax proceedings and interposed in defense that the tax was a charge against the stockholders, and that the bank is not liable for the payment thereof, particularly since it is insolvent and without funds belonging to the stockholders. The court sustained this defense. The state appealed and the only error assigned challenges the correctness of that conclusion.

The statute under which the tax was levied, section 2017, supra, provides that the stockholders of every banking corporation doing business in this state regardless of their place of residence, shall be assessed and taxed on the value of their shares of stock, in the county or district wherein the bank is located; the assessment to be made in the name of the bank. Section 2020 provides that to secure the payment of the tax the bank shall retain so much of the dividends or earnings belonging to the stockholders as shall be necessary to pay the same, and that the bank shall pay it and charge the same to its expense account.

Sections 2018 and 2021, being chapter 60, p. 79, Laws 1905, are amendments of the original statutes on the subject (chapter 1, p. 17, Laws 1878), but, so far as the question here involved is concerned, we discover no substantial change in the law. The sections are noted in G. S. 1913,

as supplementary to the old statute as revised and incorporated in the Revised Laws of 1905. Section 5504, R. L. 1905.

Statutes of this general character have been enacted in practically all of the different states, and as applied to national banks, are sustained by the Federal courts. The tax thus imposed is not, however, a tax against the bank or its assets, but one against the shares of stock or stockholders. National Bank v. Commonwealth, 9 Wall. (U. S. ) 353, 19 L. ed. 701; Aberdeen Bank v. Chehalis County, 166 U. S. 440, 17 Sup. Ct. 629, 41 L. ed. 1069. Though the provisions of the statute require the officers of the bank to deduct sufficient from the dividends and earnings accruing to the stockholders, and to pay the tax therefrom, that does not create a liability on the part of the bank to pay the tax from its own funds. Stock in banks and other corporations is private property, often of great value, and the purpose of the statute was to subject the holders thereof to taxation in harmony with the value of the stock, ascertained and determined in the manner pointed out by the statute. In many banks, both national and those organized under state laws, the stockholders do not reside where the corporation is located; many reside in other states. If the tax be not paid, and become delinquent, and the usual procedure is adopted in the collection of the same, no jurisdiction can be acquired over the nonresident, and as to him the proceeding must fail, leaving the resident stockholder alone liable. That of course results in inequality in taxation of this kind, and to obviate the situation, and to place all stockholders, resident and nonresident, upon the same footing, the plan of imposing the duty of payment upon the bank from dividends due the stockholders was adopted as the only effective method of working equality as to all concerned. And while the bank is required to pay the tax, and charge the same to its expense account, the statute contemplates that such payment will be made from the earnings due the stockholders, and not from the assets of the bank. In this view it seems clear that payment cannot be enforced against the bank, particularly at a time when it is insolvent and in the hands of a receiver. It has been so decided. City of Boston v. Beal, 51 Fed. 306; Stapylton v. Thaggard, 91 Fed. 93, 33 C. C. A. 353; Baker v. County of King, 17 Wash. 622, 50 Pac. 481. In the case at bar counsel for the state concede that a tax of this character is one against the bank, and they also concede that if in

such case the bank becomes insolvent before the tax falls due, payment cannot be enforced against its assets in the hands of a receiver. But they insist that since the tax in the case at bar became due before the bank became insolvent, the obligation to pay imposed by the statute became effective at that time and may now be enforced against the receiver. We do not concur in this contention. The tax became due January 1, 1914, but was not delinquent until March 1 following. The bank was adjudged insolvent and a receiver appointed on January 18. If liability attaches to the bank by reason of the failure of its officers to pay the tax, in any such case, it should be limited to cases where it appears that there were earnings and profits due the stockholders after the tax became due, and sufficient to pay the same in whole or in part. Any other view would subject the bank to the rule of absolute liability, which we think was not intended by the statute.

This covers the case and further discussion seems unnecessary. Our conclusions are in harmony with those of the learned trial judge, and the judgment appealed from will be affirmed.

Judgment affirmed.