HEMPSTEAD COUNTY *v.* HEMPSTEAD COUNTY BANK.

Opinion delivered January 14, 1905.

TAXATION—ASSESSMENT OF BANK—EQUALITY.—Where part of the capital stock of a bank has been invested in real estate, which is separately taxed, the value of such real estate should be deducted from the capital stock in assessing the latter for taxation.

---

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

*George W. Murphy, Attorney General,* for appellant.

*James H. McCollum,* for appellee.

Appellant has no right of appeal. 51 Ark. 159; 52 Ark. 99; 71 Ark. 84.

HILL, C. J.   On the first Monday in June, 1901, the Hempstead County Bank had capital stock paid in of $35,000 and undivided profits of $1,243.77. It had invested $9,777.22 of its capital stock in real estate of that value. The case is one to determine the amount of taxes the bank should pay. The lower court deducted the value of the real estate, which was paid upon separately, from the capital stock and undivided profits, and taxed the bank upon the residue, thus adding $35,000 and $1,243.77, making $36,243.77, total valuation, and took from it $9,777.22, the value of the real estate, leaving $26,466.55 as the amount to be taxed. The actual amount found is seventy-eight cents less than this, but evidently that is an unintentional error, and is disregarded.

The question presented is whether the real estate shall be taxed in addition to the capital stock and undivided profits.

Each bank in the State is required to make an annual statement of its affairs, as of date the first Monday in June, to the assessor. This statement must contain, briefly speaking:

1.   The amount of capital, its division, how much paid in or secured to be paid in.

2.   The amount of undivided profits.

3.   The value of moneys, credits or other personal property converted into U. S. or State bonds or other securities not taxed in the year immediately preceding the first Monday in June.

4.   The amount of loans and deposits and details thereof. Kirby's Digest, § 6920.

The several amounts shall truly represent the means, property and assets described therein, and shall be added together, and the gross sum so produced shall be deemed the amount of

property employed in banking for the then current year. Kirby's Digest, § 6921. Sections 6922 and 6923 provide for listing of shares, and section 6924 requires the assessor to return to the county clerk the statement required by section 6920, and the amount so returned shall be placed on the tax books and taxed as other personal property in the city, town, ward or school district where the bank is situated. On the face of these statutes there is no provision for returning real estate, and it is, under the general law, assessed in the political township or ward where situated. The key to the statutes on this subject is found in section 6921, providing that the several amounts for the separate items to be returned shall truly represent the condition of the means, property and assets described in the statement, to the end that the sum of them shall be the valuation for taxing purposes. Reading this in connection with the constitutional provision makes the object plain. That provision is: "All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State." Const. 1874, art. 16, § 5.

The General Assembly devised this plan of making the statement in order to ascertain the true value of the property to be taxed, and in this way the burden falls equally and uniformly throughout the State.

To hold the capital stock to be taxable to its full face value, when that stock is represented in whole or in part by real estate taxed separately, would not be taxing the property according to its value, and would result in a double taxation, to the extent that the capital stock was invested in real estate, and that is not an intent to be imputed to the General Assembly. Judge Cooley thus treats the subject: "The same may be said of a tax on the property of a corporation and also on the capital which is invested in the property; if the latter is taxed as property, this is also duplicate taxation, and as much unequal as would be the taxation of a farmer's stock by value when on the same basis it is taxed as a part of his general property. When, for instance, the money paid in as capital of a manufacturing corporation has been invested in buildings and machinery, these are what then represent the capital, and to tax the capital as valuable property distinct from that

which then represents it would be to tax a mere shadow ; it would be to make the shadow stand for the substance in order that it might be taxed, when the substance itself is taxed directly under its own proper designation." 1 Cooley on Taxation (3 Ed.) pp. 396, 397. See also the many authorities cited in the notes.

The State is entitled to taxes on the true value of all the assets of the bank once, and no more. To tax its capital stock to its face value, when part of it has been withdrawn and put into real estate, which is separately taxed, would be to tax twice the value of the real estate, and this is not the intention of the taxing system devised by the Constitution of 1874, and not within the spirit of the statutes. The circuit court was therefore right in deducting the value of the real estate from the capital stock, and the result is that the bank pays once on the true value of all its assets.

The judgment is affirmed.