DALLAS COUNTY *v.* BANKS.

Opinion delivered October 12, 1908.

1.  TAXATION—POWERS OF BOARD OF EQUALIZATION.—Under Kirby's Digest, § 7004, the county board of equalization may add to the valuation of personal property of any person returned by the county assessor any items of property which were improperly omitted therefrom. (Page 487.)

2.  SAME—INSURANCE COMPANIES.—Under Kirby's Digest, § 6906, providing that "each person required to list property shall make out and deliver to the assessor a statement * * * of all personal property, * * * investments in bonds, stock, joint stock companies or otherwise" and § 6872, providing that the word "person," as used in the act, "shall be held to mean and include firm, company and corporation," a domestic insurance corporation is required to assess its stock for taxation. (Page 488.)

3.  SAME—STOCK IN INSURANCE COMPANY—HOW LISTED—Under Kirby's Digest, § 6902, providing that no person shall be required to include in his assessment list "any share or portion of the capital stock of any company or corporation which is required to list or return its capital or property for taxation in this State," a resident owner of shares of stock in a domestic insurance company is not required to list such stock for taxation. (Page 488.)

Appeal from Dallas Circuit Court; *Henry W. Wells,* Judge; affirmed.

STATEMENT BY THE COURT.

The board of equalization of Dallas County, Arkansas, at its regular session, held in Princeton on the second Monday in September, 1907, and subsequent days, raised the assessment of

the personal property of appellee by adding to it the amount of one hundred and five thousand dollars, on account of "money invested in bonds, stock, joint stock companies, or otherwise," which he was required to list for taxes for the year 1907. Appellee petitioned the county court for a reduction of his assessment by striking therefrom the entire amount so added by said board. The county court sustained the action of the equalization board, and appellee appealed to the circuit court. The circuit court decided in favor of the appellee, and the county appealed.

The case was tried in the circuit court on the following agreed statement of facts:

"That A. B. Banks was the owner of stock in the Home Accident Insurance Company, the Home Fire Insurance Company, and in the Standard Fire Insurance Company, to an amount at par value of two hundred and ten thousand and nine hundred dollars; and that said companies are insurance companies organized under the laws of the State of Arkansas; and that said stock was not given in and assessed to him by the assessor of this county; and that the raise complained of here was the addition of the amount complained of in the petition by the said equalization board to cover the taxable value of the stock of said Banks in said insurance companies. That said stock was of the value of two hundred and twelve thousand nine hundred dollars, and was added to the assessment list of said A. B. Banks at the amount of one hundred and five. thousand dollars. That said A. B. Banks was a resident at assessment time of Dallas County; and that said insurance companies had their domicil in said county."

The court declared the law to be that the petitioner, A. B. Banks, was not required to list his stock in the insurance companies for taxation, and that the equalization board should not have added the same to his assessment. That the said insurance companies are required under the law to list for taxation their capital and property.

The appellant duly excepted, and asked the court to declare the law to be: "That the petitioner, A. B. Banks, was required to list his stock in the insurance companies for taxation, and that the equalization board should have added the same to his as-

sessment. That the said insurance companies are not required to list their capital stock for taxation," which the court refused.

Appellant duly prosecutes this appeal from a judgment in favor of appellee.

*Wm. F. Kirby,* Attorney General, for appellant; *T. B. Morton,* of counsel.

1. All property in this State, except certain enumerated exemptions, the property in question not appearing therein, is subject to taxation. Art. 16, § § 5 and 6, Const. 1874; 46 Ark. 227. The capital stock of a corporation, as well as shares of the shareholder therein, is personal property, the one being property of the corporation, and the other that of the individual, and both could be made assessable. Kirby's Dig. § 6872; 43 Ark. 525; 44 Am. St. Rep. 950; 95 U. S. 679. If the stock of appellee was properly assessable, the board of equalization had the right to add it to his assessment. Kirby's Dig. § 7004; 49 Ark. 518. By reference to the definition of personal property in section 6872, Kirby's Digest, it appears that the capital stock of a corporation, which is included in the definition of personal property, of which "money" or "moneys" is not a part, could not be listed in the twelfth subdivision of § 6910. The fifteenth subdivision of the latter section applies merely to tangible things— *articles* of personal property. If appellee's position is correct, then banking corporations, Pullman car companies, express, telegraph, gas and other companies could be required to list their capital stock twice. Compare § § 6906-6910 with § § 6920, 6929, 6936, Kirby's Digest, and Acts 1907, p. 1225. The capital stock of insurance companies being exempt from taxation, the shares of stockholders are subject· to assessment for taxation. Kirby's Dig. § § 6899, 6936, 6909-6910; 53 Ark. 63.

2. There is no evidence upon which to base the conclusion of double taxation, and the presumption is against it. The burden being on the appellee, if the insurance companies had been assessed, it was his duty to show that fact. The presumption is that the capital stock of the companies was not assessed. 49 Ark. 534; 82 Ark. 31; 24 Ark. 402; 16 Cyc. 1076-1079.

*Gaughan & Sifford* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. It is not the policy of our law that any property shall escape taxation; neither is it intended that any shall be twice taxed. Art. 16, § 5, Const. By § 6 of that article it is provided that the property of corporations shall never be exempt from taxation. No statute will be so construed as to exempt any property from taxation unless its language will admit of no other construction. 41 Ark. 517. Clearly, then, insurance companies are excepted from § 6936, Kirby's Digest, because the form of return there provided for was not considered adapted to them, and they must make their returns to the assessor under § § 6906 *et seq.* See also § § 6873, 6872, *id.* Since insurance companies must list their property for taxation, to tax the stockholders also would be double taxation. 78 Ark. 192; 73 Ark. 517; 88 Me. 180; 59 Vt. 203; 57 Cal. 594; 103 Cal. 69; 3 Zab. (N. J.) 546; 12 Gill & J. (Md.) 117; 5 Gill, (Md.) 331; 67 Tex. 599; 90 Ky. 68; 162 Pa. St. 604; 4 R. I. 478; *id* 484; 62 O. St. 266; 156 Pa. St. 488; 63 Pac. 261; 64 Pac. 544; 8 Allen 333.

2. There was no obligation on appellee to show that the companies had listed their property. A taxpayer is not required to list his stock in any corporation "which is *required* to return its capital and property for taxation in this State." Kirby's Dig. § 6902. The test is not whether the corporation has actually listed its property, but whether it is required to do so. The corporations and the assessor will be presumed to have performed their respective duties. 45 Ark. 295; 25 Ark. 311; 24 Ark. 402; 30 Ark. 72; 49 Ark. 449; 50 Ark. 276; 7 Ark. 499; 31 Ark. 609.

WOOD, J. (after stating the facts). Under section 7004 of Kirby's Digest, the county boards of equalization may add to or take from the valuation of the personal property of any person returned by the assessor, or which may have been omitted by him, or add other items to it upon such evidence as is satisfactory, whether such return is made upon the oath of such person or upon the valuation of the assessor. Under the above section the equalization board had the authority to add the stock of the appellee in the insurance companies to his personal assessment, if such stock was liable to taxation as against him.

Sec. 6902 of Kirby's Digest provides that "no person shall

be required to include in his statement as a part of the personal property, moneys, credits, investments in bonds, stocks, joint stock companies or otherwise which he is required to list, any share or portion of the capital stock or property of any company or corporation which is required to list or return its capital and property for taxation in this State."

And section 6910 does not require the individual to list all his corporate stocks, but only those "which such person is required to list."

Under art. 16, § § 5, 6 and 7, Const. of 1874, all property in the State is subject to taxation except certain specified exemptions, and stock in corporations, and the property of corporations are not exempt. On the contrary, by the express provision of section 6873 of Kirby's Digest, "all property, whether real or personal, in this State, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise, of persons residing therein, the property of corporations now existing or hereafter created, * * * shall be subject to taxation," etc. But while the stock in controversy is subject to taxation, it is clear from the language of section 6902 of the Digest, *supra,* that it was the intention of the Legislature that such stock should not be taxed both as the property of the corporation and of the stockholder; in other words, that it should not be subject to double taxation. So the question is, under our statutes, are insurance companies required to list or return their capital and property of taxation? For, if they are, then by the express language of section 6902 *supra* appellee was not required to list for taxation "any of his shares of the capital stock or property" of the insurance companies named.

Sec. 6906 of Kirby's Digest provides that "each person required to list property shall make out and deliver to the assessor a statement, verified by his oath or affirmation, of all personal property, moneys, credits, investments in bonds, stock, joint stock companies or otherwise, in his possession or under his control on the first Monday in June of each year," etc.

Under the definition of "words and phrases" of the revenue laws, section 6872 of Kirby's Digest, the word "person" as used in the act shall be held to mean and include firm, company and corporation. The word "person" therefore, as used

in 6906 *supra,* by express definition includes companies and cor-
porations.

The statement required by the above section "shall truly
and distinctly set forth     *     *     *     *     the total value
of all other articles of personal property which such person by
this act is required to list."   (Sec. 6910, subdiv. *"fifteenth."*)

"The term 'personal property,' wherever used in the act,
shall be held to mean and include:

"First, every tangible thing being the subject of ownership,
whether animate or inanimate, other than money, and not form-
ing a part of any parcel of real property as hereinbefore defined.

"Second, the capital stock, undivided profits, and all other
means not forming a part of the capital stock of every com-
pany, whether incorporated or unincorporated, and every share,
portion or interest in such stock, profits or means, by whatso-
ever name they may be designated." Sec. 6872, *supra.*

We think it clear from a consideration of these various pro-
visions of the revenue law that the insurance companies whose
stock appellee held were required to list the stock for taxation.

But it is argued by the Attorney General that other provi-
sions of the revenue laws require all other companies and cor-
porations except insurance companies to file a list or schedule
by which their capital stock and tangible property may be as-
sessed for taxation, which differs from the list required by sec-
tions 6906 and 6910, and that therefore the latter sections can-
not be held to apply to any of these corporations without double
taxation, and he contends that when these various sections (6920,
6929 and 6936) having reference to other corporations are con-
strued in connection with sections 6906 and 6910, the conclusion
must be that the latter sections apply only to the assessment by
individuals; or, if to companies and corporations at all, then
only as to other property than their capital stock.

Conceding without deciding (for the question is not before
us) that the sections requiring other designated companies and
corporations to file a different schedule from that demanded by
section 6906, *supra,* are not merely cumulative provisions, and
conceding that the companies and corporations named are ex-
empt by these specific provisions from the requirement of the
general provision contained in section 6906, it does not follow

that insurance companies are also exempt from the operation of the latter section. On the contrary, the fact that insurance companies are exempt from the requirements of section 6936 as to other corporations by the express language thereof leads to the inevitable conclusion that the Legislature intended that they should file the schedule required by sections 6906 and 6910.

The contention that these sections refer only to the assessment by individuals ignores the provision contained in section 6872, above quoted, that "the word 'person' as used in this act shall be held to mean and include 'firm, company and corporation.' ".

We find no provision in our revenue laws exempting the capital stock and property of insurance companies from taxation; and as they are required to list, appellee, under sec. 6902, *supra,* was not.

The judgment of the Dallas Circuit Court is correct, and it is affirmed.