DALLAS COUNTY *v.* HOME FIRE INSURANCE COMPANY.

Opinion delivered January 16, 1911.

1. TAXATION—CONSTRUCTION OF STATUTES.—Statutes relative to the assessment and taxation of property should be construed in connection with the Constitution, and as not intended to exempt corporate property from taxation contrary to the Constitution. (Page 257.)

2. SAME—DOUBLE TAXATION—TAXING CORPORATE CAPITAL AND SHARES.— The taxation of both the capital stock and property of a corporation and of the shares held by its stockholders constitutes double taxation. (Page 258.)

3. SAME—CAPITAL STOCK OF CORPORATION.—The fact that a domestic corporation has invested the greater part of its capital stock in certificates of stock in other corporations in this State and elsewhere does not exempt so much of its capital stock from taxation. (Page 259.)

Appeal from Dallas Circuit Court; *Henry W. Wells,* Judge; reversed.

The Home Fire Insurance Company filed a petition in the county court of Dallas County, asking to be relieved from an alleged illegal assessment. It alleged that it is an insurance corporation organized under the laws of the State of Arkansas, with its domicil at Fordyce in Dallas County. That the county board of equalization increased the assessed valuation of its capital stock and surplus from $1,000 to $162,500 for the taxes of 1909. That its capital stock is $325,000; that the sum of $317,703.75 of said capital stock is invested in the capital stock of other corporations organized under the laws of the State of Arkansas, and $4,000 in corporations organized in the State of Louisiana, and $2,260 in corporations in the State of Texas.

The prayer is that the increased valuation of the capital stock be reduced from the amount assessed by the county board of equalization to the amount assessed in the first instance, viz.: $1,000. The county court denied its petition, and it appealed to the circuit court.

Upon a demurrer to the petition, the circuit court found that "the capital stock and surplus of said petitioner, a list of which is set out in exhibit, which is invested in the shares of stock in other corporations that assess and pay on their capital and property in this State and elsewhere is not subject to taxation," and judgment was rendered accordingly. Dallas County has duly prosecuted an appeal to·this court.

*Mehaffy & Williams* and *Morton & Morton,* for appellant.

Appellee is not exempt from payment of taxes on its stock because it has invested the money or capital of its stock in the stock of other companies. Appellee's contention, if sustained, would make it possible for any number of corporations to organize and do business in this State on money which could be so invested in shares of stock of one another as that all could escape taxation. It is the policy of our revenue laws that every species of property shall bear its just proportion of taxation.

It has been held that shares of stock in a national bank are taxable, notwithstanding they are invested in non-taxable property,

and that principle controls here. 19 L. R. A. 308. See also 92 Ark. 335; 14 So. 490. Not every indirect duplication of taxes is double taxation. If the duplication be only an incident of the tax, it is not double taxation in the sense of equality and uniformity. 3 Pick. 406; 1 Cooley on Taxation (3 ed.), 389; 56 Pac. 936; 96 U. S. 97, 106; Judson on Taxation, § 426. The property of shareholders in their shares, and that of the corporation in its capital stock, are distinct property interests, and may both be taxed, where such is the clear intent. 119 U. S. 265; 161 U. S. 149; 1 Cooley on Taxation (3d ed.), 403, 404; 173 U. S. 664; 198 U. S. 341. Taxation of capital stock, plus the shares of stock in the hands of shareholders, is not double taxation. 161 U. S. 134; 27 Am. & Eng. Enc. of L. 949. Exemption from taxation is not favored. 180 U. S. 1; 120 U. S. 569; 143 U. S. 192; 146 U. S. 279. See also 6 Wall. 594; 178 U. S. 147; 184 Ill. 226; 85 N. W. 307; 63 Cal. 470; 49 Pa. St. 519; 90 N. C. 409; 11 R. I. 321; 92 N. Y. 328; 3 Am. & Eng. Corp. Cas. 363; 12 Allen 298; 13 *Id.* 391; 96 U. S. 97, 106; 27 Am. & Eng. Enc. of L. 933.

*Gaughan & Sifford, T. D. Wynne* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

The Constitution in unmistakable terms prohibits all inequalities in taxation, and seeks to secure to every person, natural or artificial, absolute equality before the law. Art. 16, § 5, Const. Ark. 1874. If a number of persons combine together to form a corporation, each paying a certain sum, and the capital is invested in property which is taxed, it would be double taxation to assess again the shares of stock, whether in the hands of the stockholders or in the hands of the company. 74 Ark. 37, 40; 78 Ark. 192; 73 Ark. 517. While all the property in this State is required to be taxed, it can only be taxed once. 92 Ark. 335, 342, 344. Duplicate taxation of moneys invested in corporations which pay taxes upon their property is provided against by our statutes. Kirby's Digest, § 6902; 87 Ark. 484, 488. The term "capital stock" when used in reference to taxation refers to the assets of the corporation, and not to the shares of stock. 92 Ark. 344; 1 Sandford, Ch. 307; 15 Fla. 651. See also 68 Cal. 350; 83 Cal. 300; 83 Ill. 610; 52 Pa. St. 177; 18 Wis. 295; 16

Ind. 105; 102 Pa. St. 190; 72 Hun 126; 76 Ill. 563; 63 Vt. 183; 61 N. E. 346; 77 Fed. 22; 81 Cal. 378; 1 Desty on Taxation, 353; 96 U. S. 455; 126 U. S. 427; 154 N. Y. 101; 93 N. Y. 188.

HART, J. (after stating the facts). It is agreed by counsel that the only question presented for our determination by the appeal is, did the fact that appellee invested the greater part of its capital stock in the certificates of stock of other corporations in this State and elsewhere exempt both its capital stock so invested and the certificates of stock so purchased from taxation?

On the subject of finance and taxation our Constitution (1874, art. 16) contains the following: "Sec. 5. All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. No one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value," etc.

"Sec. 6. All laws exempting property from taxation other than as provided in this Constitution shall be void."

"Sec. 7. The power to tax corporations and corporate property shall not be surrendered or suspended by any contract or grant to which the State may be a party."

The Constitution expressly exempts churches and certain other named property from taxation, but corporate property is not included in the exemption.

Statutes relative to the assessment and taxation of property must be construed in connection with the Constitution. Hence it may be said at the outset that the Legislature has not intended to exempt the property of corporations from taxation contrary to the provisions of our Constitution.

There is hopeless conflict in the decisions of the various States as to the right and power of a State to tax corporations upon their capital stock or their property and assets, and their stockholders upon their shares of stock. Any one interested in the question will find a collection of the cases in the following reports: 15 L. R. A. (N. S.) 952 and note; 58 L. R. A. 589 and note; 13 Am. & Eng. Ann. Cas. 631 and note at 636; 7 Am. & Eng. Ann. Cas. 1192.

It is not necessary to make further reference to them because our court is committed to the doctrine that the taxation both of the capital stock and property of a corporation and of the shares of its stock is double taxation.

Section 6902 of Kirby's Digest provides, in substance, that no person shall be required to list for taxation any shares of stock owned by him in any corporation which is required to return its capital and property for taxation in this State. This section was construed in the case of *Dallas County* v. *Banks*, 87 Ark. 484, and was held to be valid. Banks owned shares of stock in certain insurance companies, and filed a petition in the county court asking the court to strike the assessed value of these shares of stock from his assessment list. The court held that because the insurance corporations were required to list their capital stock for taxation the shares of stock of such corporation were not assessable to the stockholders. The court, after discussing the various provisions of the statutes relating to assessments, said:

"We think it clear from a consideration of these various provisions of the revenue law that the insurance companies whose stock appellee (Banks) held were required to list the stock for taxation." In conclusion, the court said:

"Conceding, without deciding (for the question is not before us), that the sections requiring other designated companies and corporations to file a different schedule from that demanded by section .6906, *supra,* are not merely cumulative provisions, and conceding that the companies and corporations named are exempt by these specific provisions from the requirement of the general provision contained in section 6906, it does not follow that insurance companies are also exempt from the operation of the latter section. On the contrary, the fact that insurance companies are exempt from the requirements of section 6936, as to other corporations, by the express language thereof, leads to the inevitable conclusion that the Legislature intended that they should file the schedule required by sections 6906 and 6910. The contention that these sections refer only to the assessment by individuals ignores the provision contained in sections 6872, above quoted, that 'the word person as used in this act shall be held to mean and include firm, company and corporation.' We

find no provision in our revenue laws exempting the capital stock and property of insurance companies from taxation, and as they are required to list, appellee, under section 6902, *supra,* was not."

Our Constitution, as we have already seen, provides that all laws exempting property from taxation are void. It is evident, then, that if the Legislature by section 6902 meant to exempt shares of stock from taxation, the act is unconstitutional, and would have been so declared in *Dallas County* v. *Banks, supra.* On the other hand, it is equally evident that the purpose of the Legislature in passing the act was to prevent double taxation. This court sustained the act and held that the shareholder was not required to assess and pay taxes on his shares of stock because the corporation was required to assess and pay taxes on its capital stock and property. This, as we have already stated, was in effect to hold that taxation of both the shares of stock issued by a corporation and the taxation of the capital stock or property of the corporation constitute double taxation and therefore contravenes the provision of our Constitution above quoted.

To illustrate, if an individual purchases shares of stock in a corporation, he is not required to pay taxes on them in this State, because the corporation which issued them must do that. So, if one corporation purchases shares of stock in another corporation, it does not pay taxes on the shares so purchased, for the corporation which issued the shares must pay the taxes on its own property; but it does not follow that the first corporation is not required to assess and pay taxes on its own capital stock because it has invested all or a part of it in the stock of another corporation. In such case the corporation differs from an individual, in that it has capital stock on which it must pay taxes and an individual has not.

To hold otherwise would be to exempt the property of the first corporation from taxation; which it cannot be presumed that the Legislature intended to do, and which it has no power to do. To carry the argument of the appellee to its logical sequence, if a dozen insurance companies were organized under the laws of this State, and each in turn invested its capital stock in the shares of another, only the last corporation would pay any taxes; and that of the others would be exempt from taxation contrary to the provisions of our Constitution.

The cases of *Atlanta* v. *Bankers Financing Co.,* 61 S. E. 122, and *East Livermore* v. *Livermore Falls Trust & Banking Company,* 103 Me. 418, 13 Am. & Eng. Ann. Cas. 631, are not in conflict with this view. In each of those cases the attempt was made to tax the shares of stock purchased by the corporation in addition to its own shares; and this was held to be double taxation. Nor do we think the case of *Hempstead County* v. *Hempstead County Bank,* 73 Ark. 515, in conflict with the views we have expressed. The court said: "To hold the capital stock to be taxable to its full face value, when that stock is represented in whole or in part by real estate taxed separately, would not be taxing the property according to its value, and would result in a double taxation, to the extent that the capital stock was invested in real estate, and that is not an intent to be imputed to the General Assembly." There the real estate of the bank was taxed as the property of the bank separately from its capital stock, and, this being so, the court held that to tax the bank both on its capital stock at its full value when part of it was invested in the real estate, and again on the value of the real estate so purchased, would be double taxation.

The rule is that the capital stock or property of a corporation must not be taxed twice in the hands of the corporation. Applying the rule to the case at bar, we hold that appellee is not required to assess and pay taxes on the shares of stock purchased by it in other corporations which are required to assess and pay taxes on their own capital stock or property, but that it is required to assess and pay taxes on its own capital stock or property. In this way each corporation pays taxes in the aggregate on its own capital stock or property, and it is not again taxed separately to the individual shareholder in proportion to the number of shares held by each.

The judgment will be reversed, and the cause remanded with directions to enter judgment in accordance with this opinion.

McCULLOCH, C. J. (dissenting). If my views were to be expressed as to what the law ought to be, I would concur in the opinion of the other judges; but, since we are called on to declare what the law is, I must dissent. The majority hold, as I understand, that an insurance corporation must assess for taxation the whole of its capital stock at par value, regardless of the invest-

ment of a part thereof in non-taxable shares of stock in another corporation. This, I think, is in the teeth of the express language of the statute and of prior decisions of this court.

In *Hempstead County* v. *Hempstead County Bank,* 73 Ark. 515, Chief Justice HILL, speaking for this court, concerning the assessment of property of a banking corporation, said: "The General Assembly devised this plan of making the statement in order to ascertain the true value of the property to be taxed, and in this way the burden falls equally and uniformly throughout the State. To hold the capital stock to be taxable to its full face value, when that stock is represented in whole or in part by real estate taxed separately, would not be taxing the property according to its value, and would result in a double taxation, to the extent that the capital stock was invested in real estate, and that is not an intent to be imputed to the General Assembly. * * * The State is entitled to taxes on the true value of all the assets of the bank once, and no more. To tax its capital stock to its face value when part of it has been withdrawn and put into real estate, which is separately taxed, would be to tax twice the value of the real estate, and this is not the intention of the taxing system devised by the Constitution of 1874, and not within the spirit of the statutes."

This court held in *Dallas County* v. *Banks,* 87 Ark. 484, that the statutes prescribing the method of assessing the property of other corporations for taxation had no application to insurance corporations, and that the property of the latter must be assessed in the mode prescribed for assessing the property of individuals. There is no escape from the effect of that decision, without overruling it, that an insurance corporation is not required to assess its capital stock as such, but must assess its taxable property in kind the same as individuals are required to do. The statute concerning the assessments of individuals contains the following provisions: "No person shall be required to include in his statement, as a part of the personal property, moneys, credits, investments in bonds, stocks, joint stock companies or otherwise which he is required to list, any share or portion of the capital stock or property of any company or corporation which is required to list or return its capital and property for taxation in this State." Kirby's Digest, § 6902.

Section 6872, Kinby's Digest, defining words and phrases, provides that the word "person," as used in the act, shall be held to mean and include firms, companies and corporations. It seems to me to necessarily follow that, if effect is to be given to these statutes, an insurance corporation is not required to assess the portion of its capital and property invested in shares of stock in other corporations. The Legislature has not attempted to exempt any property from taxation, but has provided what'is considered a scheme for preventing double taxation so as to tax only tangible property, and not to tax shares of stock in a corporation and also the property of the corporation which gives them value.