## State ex rel. the Attorney General *v.* Fort Smith Lumber Company.

Opinion delivered October 15, 1917.

Taxation—corporations—surplus invested in stock in other corporations.—A domestic corporation, in returning its capital stock for taxation, can not deduct investments of its surplus in shares of stock in other corporations in this State.

Appeal from Sebastian Chancery Court, Fort Smith District; *W. A. Falconer,* Chancellor; reversed.

*John D. Arbuckle,* Attorney General, *T. W. Campbell,* Assistant, and *George Vaughan, Frank Pace* and *T. M. Seawel,* Special Counsel, for appellant.

1. The case in 97 Ark. 254 is conclusive of this case. *Ib.,* 259, 260. The rule laid down there harmonizes with the case. 87 Ark. 484. See also 41 Ark. 509; 11 Peters, 543. All property is subject to taxation, and no exemptions are permitted by law. See also 92 Ark. 335; 73 *Id.* 515; *State* v. *Bodcaw Lumber Co.*

Analogous cases, see 204 Pa. 36; 53 Atl. 517; 60 W. Va. 357; 55 S. E. 398; 155 N. C. 53; 70 S. E. 1079; L. R. A. 1915 C, 380-5; 99 Ala. 1; 42 Am. St. 17.

*Hill, Fitzhugh & Brizzolara,* for appellee.

1. The company made true and proper returns of its property for taxation as required by Kirby's Digest, § 6936, and the amendatory act; Kirby & Castle's Digest, § 8549.

To prevent double taxation, a domestic corporation may deduct investments of its surplus in shares of stock in other corporations in the State. 128 Ark. 505; 73 Ark. 515.

2. Corporate stock is tangible property, but if an intangible asset, it was properly deducted. 131 Fed. 282; Kirby's Digest, § 6937; Kirby & Castle's Digest, § 8461; 8552-3, 8577; 84 Kan. 508; 34 L. R. A. (N. S.) 1221.

3. The lumber company was authorized to acquire capital stock. Reviews the Arkansas cases and contends that deduction should be allowed where stock in other cor-

porations which is taxed is held by a corporation.  92 Ark. 335; 73 *Id.* 515.  The case in 97 Ark. 254 does not settle the question.  87 *Id.* 484.

4.  Should the State's contention be upheld, this construction would be in conflict with the rights guaranteed by the Federal Constitution and amount to double taxation.  188 U. S. 385; 198 *Id.* 341; 117 Ark. 606; Judson on Taxation, § § 308, 310-315, etc.

McCULLOCH, C. J.  This suit was instituted in the name of the State, *ex rel.* the Attorney General, against the Ft. Smith Lumber Company, a domestic corporation, to recover taxes which escaped adequate assessment for former years.  It is alleged in the complaint that the said corporation failed to assess the whole of its capital stock for taxation, as required by statute, and deducted from the value of the capital stock, as assessed, amounts invested in shares of stock in certain other domestic corporations.

The allegations are that the defendant owned shares of stock in the Central Railway Company, an Arkansas corporation, of the value of $260,000, and also owned shares of stock in the Choctaw Investment Company, another domestic corporation, of the value of $104,000, and that in assessing its property for taxation it deducted the value of all those shares of stock from its capital stock.

The defendant denied in the answer that any of its property had escaped taxes for former years, but admitted that it owned shares of stock in the other corporations named, and alleged that those shares of stock were purchased with proceeds of the earnings of the corporation, not with the original capital stock, and that it has regularly assessed for taxation its original capital stock at par value, as well as its other property, except the shares of stock in the other corporations.  It is admitted in the answer that the value of the shares of stock in other corporations are not assessed, but is deducted from the valuation of the capital stock of the corporation other than its original capital stock.

The pleadings in the case, therefore, present the question whether a domestic corporation, in returning its capital stock for taxation, may deduct investments of its surplus in shares of stock in other corporations in the State. The right to make such deduction is asserted under authority of the statute which provides that ''no person shall be required to include in his statement, as a part of the personal property, moneys, credits, investments in bonds, stocks, joint stock companies or otherwise which (he) is required to list, any share or portion of the stock or property of any company or corporation which is required to list or return its capital and property for taxation in this State.'' Kirby's Dig., § 6902.

The question involved seems to have been fully decided against defendant's contention in the case of *Dallas County* v. *Home Fire Insurance Company,* 97 Ark. 254, where it was said: ''So, if one corporation purchases shares of stock in another corporation, it does not pay taxes on the shares so purchased, for the corporation which issued the shares must pay the taxes on its own property; but it does not follow that the first corporation is not required to assess and pay taxes on its own capital stock because it has invested all or a part of it in the stock of another corporation. In such case the corporation differs from an individual, in that it has capital stock on which it must pay taxes and an individual has not. To hold otherwise would be to exempt the property of the first corporation from taxation, which it can not be presumed that the Legislature intended to do, and which it has no power to do.''

It is insisted that the decision just referred to applies only to assessments of the original capital stock of a corporation, and that the words ''capital stock'' as used in that decision meant only the par value of the aggregate shares of stock, not including earned surplus.

In the recent case of *State ex rel.* v. *Bodcaw Lumber Company,* 128 Ark. 505, we defined the term ''capital stock'' as used in the statute to mean ''the aggregate value of the shares of stock in the hands of the share-

holders,'' which would, of course, include the value augmented by the earned surplus. The two decisions must be considered together, and when that is done, it is plain that they lead irresistibly to the conclusion that defendant is wrong in its assertion of the right to deduct from its assessment of capital stock the value of the shares of stock in the other corporations.

We are unable to discover any reason for a distinction between allowing this deduction from the earned surplus and from the par value of the capital stock, for our statute makes no provision for separate assessment of the par value of capital stock. The aggregate value is assessed and the value of tangible property in which the capital is invested is deducted, but the amount thus obtained is not reducible by the value of investments in nonassessable property. That was decided by this court in the Bodcaw Lumber Company case, *supra,* and the same principle was announced in *First National Bank of Batesville* v. *Board of Equalization of Independence County,* 92 Ark. 335.

Nor does this construction of the statute operate as a discrimination against a corporation and in favor of individual owners of shares of stock. The capital stock of a corporation has its own value. It is assessable as such for taxation, and the failure to deduct investments in shares of stock of other corporations does not constitute double taxation. The two elements of value are separate and distinct, for the shares of stock themselves are not assessed for taxes.

Of course, it would constitute double taxation, as was said in the Dallas County case, to tax the shares of stock in other corporations held by this corporation and also its capital stock, but the failure to deduct the value of such shares of stock from the capital stock is not tantamount to assessing the shares of stock in the other corporations.

An individual is not required to return in his assessment the value of the shares of stock in a corporation,

and his investment in such shares of stock is, therefore, not directly taxed, but, as pointed out in the Dallas County case, a corporation has a separate assessable valuation in its capital stock which is not possessed by an individual, and it constitutes no discrimination against a corporation to fail to deduct the value of such shares of stock held in other corporations from the assessment of its capital stock.

The question of the right of corporations to hold shares in another corporation has been zealously argued by counsel on both sides, but we think it is unnecessary to pass upon that question, in view of our conclusion that it is the aggregate value of the capital stock of the corporation which is assessable, and it is unimportant whether it has been rightfully or wrongfully invested in shares of stock in other corporations.

We are of the opinion, therefore, that the learned chancellor erred in overruling the demurrer to the answer, and the decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

McCULLOCH, C. J., (on rehearing). Counsel for appellee now disclaim any intention of asserting a distinction between the right of a corporation to deduct from its assessment of original capital stock the value of shares of stock in another corporation, and the right to make such deduction from accumulated surplus, and they take the broader position that a corporation has the right to such deduction either from the original capital stock or from accumulated surplus. That contention is answered by the decision of this court in the case of *Dallas County v. Home Fire Insurance Company,* 97 Ark. 254, as shown in the former opinion in the present case. The force of that decision was not impaired by the recent case of *State ex rel. v. Bodcaw Lumber Company,* 128 Ark. 505. On the contrary, we think that the two decisions are in harmony.

We do not decide that a corporation holding shares of stock in another corporation must assess the same separately in addition to its own capital stock, but we do hold

that such corporation can not deduct the value of such shares of stock from the assessment of its own capital stock, which includes accumulated surplus.

HART, J., (dissenting).  Judge WOOD and myself dissent from the opinion of the majority in this case because we believe it is in direct conflict with the principles announced in *State* v. *Bodcaw Lumber Company,* 12 Ark. 505.

The opinion of the majority relies for its support upon the case of *Dallas County* v. *Home Fire Insurance Co.,* 97 Ark. 254.  In the first place, it may be said that we do not think that case is susceptible of the construction now placed upon it by the majority.  In that case the court was considering the subject of taxation of an insurance company where practically all of the original capital stock was invested in certificates of stock of other domestic and foreign insurance companies.  The court reached the conclusion that the shares of stock in the other insurance companies were not taxable in the hands of the Home Fire Insurance Company, but that the original capital stock of the insurance company was subject to taxation.

In the first mentioned case the words "capital stock" were used to denote the money which the shareholders paid into the corporation when it was organized.  In the Bodcaw Lumber case the words "capital stock" were used in a much broader sense and the court adopted an entirely different system of valuing the capital stock of a corporation for taxation.  The court said that the words "capital stock" mean shares of a corporation in their aggregate, and not the capital of the corporation as represented by its tangible assets.  The meaning thus given to the words "capital stock" does change their meaning as used in the Dallas County case.  When that case is considered the words must still be considered to mean what the court intended them to mean in that case.  But it would be useless to stop here and discuss the soundness or unsoundness of the opinion in the Dallas County case.  If the construction now placed upon it by the majority is to obtain,

it is manifest that it is in conflict with the majority opin-
ion in *State* v. *Bodcaw Lumber Co.,* 128 Ark. 505, and
to the extent that it conflicts with that opinion it is modi-
fied or overruled.

Inasmuch as two of the judges dissented in the Bod-
caw Lumber Company case, the opinions of the Chief Jus-
tice and Judge WOOD must be read together to determine
the opinion of the majority.  Judge WOOD attempted to
sum up the opinion of the majority and clearly stated the
principles adopted by them as follows:  "The tangible
property of the corporation outside of the State is not
taxed here at all, and could not be, for that is taxed in the
jurisdiction where it is located.  But such property is
only considered in so far as it contributes to give value to
the shares of stock which the State has a right to tax, at
their source, that is, the domicile of the corporation.  But
the rule is different as to tangible property within this
State.  This State has the right to tax the value of the
shares of capital stock once, as ascertained by the method
indicated, and, inasmuch as the tangible assets within the
State have been considered once in making up this value,
the rule adopted by this court to prevent double taxation
is to deduct the tangible property taxed here as such,
from the aggregate value of the shares of stock taxed as
capital stock, because that has to be considered and is em-
braced in the calculation making up the total value of the
shares of stock.  Not to deduct the local tangible assets,
taxed as such, would be equivalent to taxing the value of
such assets twice.  But all of this is clearly set forth and
argued in the opinion of the Chief Justice."

The opinion of the Chief Justice is too long to quote
from at length, but excerpts therefrom show that he had
the same view of the law as Judge WOOD.  He said: "The
words 'capital stock' used in the statute, mean the aggre-
gate value of the shares of stock in the hands of the share-
holders, though the value of the shares of stock them-
selves do not constitute the limit of taxation.  The pur-
pose of the lawmakers was to merge the separate valua-
tion of the shares of stock into the aggregate valuations

of the whole, and thus constitute the compound as a basis
for fixing the valuation for taxation purposes, after de-
ducting the value of the tangible property which is to be
specifically assessed separately.  In this way the lawmak-
ers have provided a scheme for taxation of all of the ele-
ments of value of this property one time, and only once,
and the tax is levied at the source and paid there without
any assessment being levied against the individual share-
holders.  The scheme absolutely excludes any idea of dou-
ble taxation, but it does provide an adequate means of in-
cluding all the elements of value contained in the shares
of stock and the tangible property of the corporation it-
self, merged into a composite whole.  The assessment of
the property is in name only against the corporation, for
it includes the elements that go to make up the value of
the shares of stock themselves.''

Thus it will be seen in the Bodcaw Lumber Company
case, the court proceeded upon the theory that the com-
bining of the shares of the capital stock of a corporation
and its corporate principal for the purpose of taxation
whereby all are taxed as a unit could not be considered as
double taxation.  The theory of the court was that the
principle against double taxation had no application be-
cause that is confined in operation to such taxation in the
same jurisdiction.  The writer recognized in that case that
in strict legal theory double taxation does not exist unless
the double tax is levied upon the same property in the
same jurisdiction; but he dissented from the opinion on
the ground that whatever the strict legal theory is the
practical effect of the decision was to tax substantially
the same property twice, and this he believed was against
our whole system of taxation, as heretofore established
and construed by the court.

If the question in the present case had been an issue
in the case, it is evident that the property would have been
deducted from the aggregate value of the shares of stock
taxed as capital stock.  We think the only logical result
of the decision in that case is that when a corporation in-
vests part of its assets in property of any kind situated

in or out of the State, that property is to be considered in estimating the value of the shares of stock of the corporation for taxation in this State, and that where such property is situated outside of the State it is not to be deducted from the total valuation, but that where it is situated within the State it is to be deducted from the total value, when the corporation assesses its property for taxation. This is so because where the property is situated outside of the State, there can be no double taxation in legal theory because the tax upon substantially the same property is not levied by the same jurisdiction. But in case the property is situated within the State, substantially the same property would be twice taxed if it was not deducted from the total valuation of the shares of stock. To illustrate, let us suppose a corporation is formed with capital stock of $400,000, divided into 4,000 shares of a par value of $100 each. At the outset we will assume that both the shares of stock and the capital stock are worth $400,000. A part of the assets of the corporation may then be invested in the shares of stock of other corporations and in real estate situated in this State and a part of its assets may be invested in real estate situated in another State. These may be fortunate investments and add greatly to the value of the shares of stock of the corporation and all are to be taken into consideration in estimating the value of the shares of stock. According to the rule laid down in the Bodcaw Lumber Company case, there will be no deduction on account of the real estate situated in another State because, although it may be taxed in that other State, it is only taxed once in this State.

On the other hand, it is admitted that real estate situated in this State is to be deducted, for otherwise substantially the same property would be twice taxed in the same jurisdiction. The same reasoning holds good in the case where the corporation has purchased shares of stock in another domestic corporation; for that corporation pays taxes on its own shares of stock, and to require the corporation purchasing its shares of stock to also pay

taxes on them would be to tax substantially the same property twice in the same jurisdiction, and that according to the trend of all our decisions, is double taxation and is contrary to the letter and spirit of our Constitution. If by any refinement of reasoning or otherwise it may be said that the case of *Dallas County* v. *Home Fire Insurance Company, supra,* is against this conclusion, it is manifest from the excerpts we have quoted from in the Bodcaw Lumber Company case that the opinion in the former case in so far as it is contrary to the views we have just expressed, is modified or overruled by the opinion in the Bodcaw Lumber Company case. Indeed, one ground of dissent by the writer was that the principles of law in the two cases were in necessary conflict in the respect herein stated.

WOOD, J., concurs in the dissent.