FORT SMITH LUMBER COMPANY v. STATE OF ARKANSAS
EX REL. ATTORNEY GENERAL.

Opinion delivered May 5, 1919.

APPEAL AND ERROR—FORMER APPEAL—LAW OF THE CASE.—A decision
on a former appeal, rendered on the pleadings, that a corpora-
tion holding stock in other corporations must pay taxes on the
same though the other corporations were taxed *held* the law of
the case on a subsequent appeal, where the issues were the same.

Appeal from Sebastian Chancery Court, Fort Smith
District; *J. V. Bourland,* Chancellor; affirmed.

*Hill, Brizzolara & Fitzhugh,* for appellant.

1. Under the decision in 128 Ark. 505 we are en-
titled to a decree for defendant. There is nothing in the
former decision of this case that is conclusive of this
case. 131 Ark. 40. The decree is in violation of article
16, section 5, Constitution of Arkansas. 73 Ark. 515;
97 *Id.* 254; 128 *Id.* 505; 131 *Id.* 40.

2. Taxation of the capital stock and property of
a corporation and of its shares of stock is double taxa-
tion and not allowable. 97 Ark. 254; 128 *Id.* 505-513.
The words "capital stock" mean the aggregate value of
the shares of stock in the hands of shareholders, and is
the basis for taxation purposes after deducting the value
of the tangible property which is assessed specifically
and separately. 73 Ark. 515; 78 *Id.* 187; 126 *Id.* 611; 160
Pac. 971; 128 Ark. 505; 131 Ark. 40.

3. The agreed statement of facts recites that the
lumber company each year made out the return required
by section 6036, Kirby Digest. This report gave the
market value of the corporate stock or in lieu thereof the
true value of all the corporate stock and all the tangible
property of the corporation and disclosed all stock owned
in the railway company and investment company. This
was all assessed at 50 per cent. of its true market value,
and each assessment was also 50 per cent. of the value
of the stock of the lumber company and investment
company. 87 Ark. 484. No person is required to list
for taxation any stock in a corporation where the corpo-

ration is required to list or return its capital and property.   Kirby's Digest, § § 6872-6902; 87 Ark. 484; 97 *Id.* 262; 244 U. S. 499.   Here there was double taxation.   240 U. S. 522; 198 *Id.* 341; 188 *Id.* 385-730; 232 U. S. 1; 240 *Id.* 532.   See also 198 U. S. 341.

*John D. Arbuckle,* Attorney General, *Robert C. Knox,* Assistant; *George Vaughan, Frank Pace* and *T. M. Seawell,* for appellee.

1.   On the question of *ultra vires,* one corporation has no power to purchase and hold stock in another unless the power is clearly granted by its charter.   7 R. C. L. 547-553; 81 Ind. 500; 6 N. W. 675; 30 Am. Rep. 270; 53 N. W. 1150; 18 L. R. A. 778.   The charter consists of its articles of association and the general law under which it is organized.   87 Ark. 587-591; 113 S. W. 796; 67 N. E. 207-210; 31 Ind. App. 34; 136 Ill. App. 606; 124 Ia. 107; 99 N. W. 290.   There is no authority in Arkansas for one corporation to purchase and hold stock in another.

2.   Holding companies have no legal status in Arkansas.   71 Ark. 379; 74 S. W. 518.

3.   The general rule is that one corporation has no power to acquire and hold stock in another, unless the power is expressly granted by law or necessarily implied.   71 Ark. 379; 175 U. S. 40; Morawitz on Corp., § § 431-2; 1 Cook on Corp., § § 315-16-17; 7 A. & Eng. Law (2 ed.) 810-13; 96 Ark. 1; 130 S. W. 585; 30 L. R. A. (N. S.) 694; Ann. Cases 1912 B. 488.

4.   Defendant's funds were invested in excess of its chartered powers, and the employment of any of the funds of the lumber company in stock of the railway company was *ultra vires,* and *a fortiori* was the acquisition of all the stock of the railroad.   Kirby's Dig., 6936, 6547; 128 Ark. 505; 50 N. J. Eq. 656.

5.   Defendant is a manufacturing corporation and falls within the general class required to list all its property for taxation.   Kirby's Dig., § 6936, as amended by Act March 11, 1915, Acts 1915, p. 615; 128 Ark. 505.

The assessment of all its shares collectively is requested by law. *State* v. *Bodcaw Lbr. Co.,* ms. op. No deduction is allowed. 73 Ark. 515. For the rule in other States, see 204 Pa. 36; 53 Atl. 517; 60 W. Va. 357; 55 S. E. 398; 155 N. C. 53; 70 S. E. 1079; L. R. A. 1915 C. 380-385; 99 Ala. 1; 42 Am. St. Rep. 17; 97 Ark. 254-259, 260; 87 Ark. 484.

5. All property is subject to taxation; there is no exemption by law. The court erred in sustaining the demurrer.

SMITH, J. Upon the remand of the cause of *State ex rel. Attorney General* v. *Fort Smith Lumber Company,* 131 Ark. 40, the parties prepared the following agreed statement of facts upon which the cause was submitted:

"1. That the Fort Smith Lumber Company, Central Railway of Arkansas and the Choctaw Investment Company were each, for the years mentioned in the complaint, corporations existing and doing business in the State of Arkansas, and each was duly organized under the laws of Arkansas, the Fort Smith Lumber Company and Choctaw Investment Company being organized under section 837 and following sections of Kirby's Digest providing for the organization of corporations for manufacturing and other business, and the Central Railway of Arkansas being organized under chapter 133 of Kirby's Digest providing for the incorporation of railroad companies. That the Fort Smith Lumber Company was authorized by its articles of incorporation, among other powers, 'to own, buy, sell and deal in real estate and other property; to engage in the mercantile business and conduct commissaries; to own, buy, sell and deal in stocks, bonds and securities of other corporations.' That all of the assets of the Fort Smith Lumber Company, Central Railway of Arkansas and the Choctaw Investment Company of every kind, nature and description were during the years mentioned in the complaint situated in the State of Arkansas, and that none

of said corporations owned any assets outside of the State of Arkansas.

"2. That the Fort Smith Lumber Company owned 260 shares of stock in the Central Railway of Arkansas during the years hereinafter mentioned and prior to 1909 the Central Railway of Arkansas made annual report to the State Board of Railway Commissioners, and said State Board of Railway Commissioners each year made an assessment of its property until 1909, when the Tax Commission was created, and thereafter said Railway Company made its report to the Tax Commission and the Tax Commission each year made the assessment of the railroad property; that each year hereinafter mentioned the Central Railway of Arkansas made its annual report, pursuant to statute, to said taxing body. That each year the Central Railway of Arkansas was assessed fifty per cent. of the true market value of all of its assets, real, personal and mixed, and including tangible and intangible property and that said asssment of fifty per cent. of the true market value of its assets was also fifty per cent. of the true market value of the stock of said Central Railway of Arkansas. That all other railroad property in the State of Arkansas was assessed during each of the years on the basis of fifty per cent. of the true market value of all of its assets, real, personal and mixed, including tangible and intangible property. That the railroad company paid each year the full amount of the assessment against it. That the Central Railway of Arkansas paid no other taxes than that assessed against it by the Board of Railroad Commissioners or Tax Commission, the same being an assessment upon all of the property of whatsoever kind of the railroad company.

"3. That the Fort Smith Lumber Company owned stock in the Choctaw Investment Company in different amounts during the several years hereinafter mentioned. That all of the assets of the Choctaw Investment Company consisted of timber lands, and it owned no personal property .or any other property than said timber

lands. That said lands were assessed by the assessors in the various counties in which the same were situated, and at the time the assessment was finally determined by the county courts on appeal from the Board of Equalization. That the lands of the Choctaw Investment Company were each year assessed at fifty per cent. of their true market value, and the lands in the counties wherein said lands were situated throughout the State were assessed on a basis of fifty per cent. of their true market value. That the assessment of fifty per cent of the true market value of said lands was also fifty per cent. of the value of the stock of the Choctaw Investment Company. That the Choctaw Investment Company paid no other taxes than that assessed on said real estate, the same being all of its property.

"4. That the Fort Smith Lumber Company each year made its return as required by section 6936 of Kirby's Digest and amendatory act thereto. That it did not return for assessment the stock owned by it in the Central Railway of Arkansas or in the Choctaw Investment Company, as all of the property of the Central Railway Company and of the Choctaw Investment Company were separately assessed. It made a full disclosure of its holding of the stock in the Central Railway of Arkansas and the Choctaw Investment Company to the taxing officials who made the assessment against the Fort Smith Lumber Company. Excepting the stock owned by the Fort Smith Lumber Company in the Central Railway of Arkansas and in the Choctaw Investment Company, the assets of the Fort Smith Lumber Company, real, personal and mixed, including tangible and intangible property, were for each of the years hereinafter mentioned assessed for fifty per cent. of their true market value, and said fifty per cent. of the true market value of the assets was also fifty per cent. of the value of the stock of the Fort Smith Lumber Company, less the value of the stock owned by it in said Central Railway of Arkansas and Choctaw Investment Company. That all other property in the State of Arkansas of sim-

ilar kind and similarly situated as the assets of the Fort Smith Lumber Company was assessed on a basis of fifty per cent. of the true market value. That the Fort Smith Lumber Company each year, as hereinafter mentioned, paid the full amount of taxes assessed against it by the taxing authorities, which in some instances was fixed by the county court on appeal from the Board of Equalization.''

Then follows a stipulation showing the market value of the stock of the railway company and of the investment company during the years covered by this suit.

''6. It is agreed that should the court under the foregoing statement of facts hold the Fort Smith Lumber Company liable for taxes on the value of stock owned by it in the Central Railway of Arkansas, that the value of said stock and the rate of tax thereupon and the amount thereof is as set forth in Exhibit 'A' hereto; and that should the court hold the Fort Smith Lumber Company liable for taxes on the value of stock owned by it in the Choctaw Investment Company, that the value of said stock and the rate of tax thereupon and the amount thereof is as set forth in Exhibit 'B' hereto.''

(Exhibits ''A'' and ''B'' are not copied, as there is no controversy about the calculations there made).

''7. It is agreed that the foregoing facts are all the facts which are material for the determination of the issues herein.''

The court found the appellant lumber company liable for the taxes set out in the exhibits and entered a decree accordingly, from which this appeal has been prosecuted.

On behalf of the State it is now insisted that no new issue is presented for our decision and that the opinion on the former appeal is the law of the present case. On the former appeal the case was decided on the pleadings; while here the issues are presented in an agreed statement of facts. But we think no issue is now presented which was not involved in, and disposed of by, the opinion on the former appeal. In that opinion we there said: ''It is alleged in the complaint that the said corporation

failed to assess the whole of its capital stock for taxation, as required by statute, and deducted from the value of the capital stock, as assessed, amounts invested in shares of stock in certain other domestic corporations.

"The allegations are that the defendant owned shares of stock in the Central Railway Company, an Arkansas corporation, of the value of $260,000, and also owned shares of stock in the Choctaw Investment Company, another domestic corporation, of the value of $104,000, and that in assessing its property for taxation it deducted the value of all those shares of stock from its capital stock.

"The defendant denied in the answer that any of its property had escaped taxes for former years, but admitted that it owned shares of stock in the other corporations named, and alleged that those shares of stock were purchased with proceeds of the earnings of the corporation, not with the original capital stock, and that it has regularly assessed for taxation its original capital stock at par value, as well as its other property, except the shares of stock in the other corporations. It is admitted in the answer that the value of the shares of stock in other corporations are not assessed, but is deducted from the valuation of the capital stock of the corporation other than its original capital stock."

And the identity of the issues appear from the following statement in the former opinion:

"The pleadings in the case, therefore, present the question whether a domestic corporation, in returning its capital stock for taxation, may deduct investments of its surplus in shares of stock in other corporations in the State. The right to make such deduction is asserted under authority of the statute which provides that 'no person shall be required to include in his statement, as a part of the personal property, moneys, credits, investments in bonds, stocks, joint stock companies or otherwise which (he) is required to list, any share or portion of the capital stock of property of any company or corporation which is required to list or return its capital

and property for taxation in this State.'   Kirby's Digest, section 6902.''

.We there said that the question involved appeared to have been fully decided against the lumber company's contention in the case of *Dallas County* v. *Home Fire Ins. Co.*, 97 Ark. 254, and the further discussion of the issues here involved would result only in a repetition of the argument there made.

As distinguishing this case from the former one it is pointed out that it now appears from the agreed statement of facts that the stock in the appellant lumber company had no intangible value inhering in it over the value of the property taxed and, therefore, the full taxation of it included every element of value and that to refuse to deduct the value of stocks owned by the lumber company results in twice taxing that much of the stock or property of the lumber company which was invested in corporations which were separately assessed and taxed.   This, however, is the very point in issue; and while it is presented differently it is the question decided on the former appeal as appears from the following quotation from that opinion:

''Of course, it would constitute double taxation, as was said in the Dallas County case, to tax the shares of stock in other corporations held by this corporation and also its capital stock, but the failure to deduct the value of such shares of stock from the capital stock is not tantamount to assessing the shares of stock in the other corporations.''

The decree of the court below is, therefore, affirmed.

WOOD and HART, JJ., dissent.